# Court of Appeals
# of the State of Georgia

ATLANTA,  April 09, 2021

*The Court of Appeals hereby passes the following order:*

**A21D0254. ZAY MICHAEL BEY f/k/a TAMICHAEL L. FORDHAM v. THE GEORGIA DEPARTMENT OF HUMAN SERVICES, EX REL. T. F. et al. (CHILDREN).**

In this domestic relations proceeding, the trial court entered an order on October 19, 2020, establishing defendant Zay Michael Bey f/k/a Tamichael L. Fordham's paternity of two minor children and requiring him to pay child support. Bey then filed a direct appeal, which we dismissed for failure to file an application for discretionary review. See *Bey v. Ga. Dept. of Human Svcs. ex rel. T. F.*, No. A21A0792 (Jan. 8, 2021); see also OCGA § 5-6-35 (a) (2), (b). In February 2021, the trial court entered an "Order Upon Remittitur," making our January 2021 dismissal order the judgment of the trial court. On March 16, 2021, Bey filed the instant application for discretionary review, apparently seeking to appeal the October 2020 order.[1] We lack jurisdiction.

An application for discretionary review must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Bey's application is untimely as to the October 2020 order, as it was filed more than four months after entry of that order.

---

[1] Bey's application also refers to a trial court order allegedly entered in December 2020. He has not, however, included any such order with the application materials.

To the extent that Bey seeks appellate review of the trial court's February 2021 "Order Upon Remittitur," it is axiomatic that an appeal will not lie from a trial court order that does no more than simply enter an order of this Court as an order of the trial court following a prior appeal. That is because there is no new trial court ruling to appeal, and any such request therefore seeks an impermissible second appeal in Case No. A21A0792. See, e.g., *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal").

For each of the above reasons, we lack jurisdiction over this application for discretionary review, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
    Clerk's Office, Atlanta,   04/09/2021
    I certify that the above is a true extract from
the minutes of the Court of Appeals of Georgia.
    Witness my signature and the seal of said court
hereto affixed the day and year last above written.

_____ , Clerk.